# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLO COOPER,<br><br>      Petitioner,<br><br>      v.<br><br>COMPTON SUPERIOR COURTHOSE,<br><br>      Respondent. | Case No. CV 18-7599 PA (MRW)<br><br>**ORDER DISMISSING SUCCESSIVE HABEAS ACTION** |

The Court summarily dismisses this action – Petitioner's <u>fifth</u> in this district court – pursuant to the successive habeas petition rule under 28 U.S.C. §§ 2243 and 2244.

\* \* \*

1. Petitioner is a state prisoner. He is serving a life sentence based on a murder conviction from the early 1990s.

2. Petitioner previously sought habeas relief in this Court regarding that conviction on four occasions.

- <u>Cooper v. CDC</u>, No. CV 01-2744 MMM (CT) (C.D. Cal.). The Court denied Petitioner's first habeas petition in 2001 as untimely under federal law.
- <u>Cooper v. California District Court</u>, No. CV 13-2024 MMM (MRW) (C.D. Cal.). Petitioner alleged that his conviction should be overturned based on the alleged post-conviction destruction of trial evidence. Dismissed as successive under AEDPA. The United States Court of Appeals for the Ninth Circuit declined to issue a certificate of appealability regarding that decision.
- <u>Cooper v. Asuncion</u>, No. CV 17-8530 PA (MRW) (C.D. Cal.). Same claim regarding destruction of trial evidence. Dismissed as successive. Petitioner did not seek appellate review of the dismissal.
- <u>Cooper v. Asuncion</u>, No. CV 18-2100 PA (MRW) (C.D. Cal.). Same claim. Dismissed as successive. Petitioner did not seek appellate review of the dismissal.

3. In Petitioner's second, third, and fourth habeas proceedings described above, the Court (Magistrate Judge Wilner) issued orders informing Petitioner of the operation of the successive petition rule under 28 U.S.C. § 2244(b) / AEDPA. Petitioner failed to provide the Court with any explanation as to why: (a) his habeas actions were not successive under the statute; or (b) he failed to ask the Ninth Circuit for permission to pursue his successive actions. The Court's subsequent dismissal orders in each of those actions set forth the legal analysis that required the termination of Petitioner's successive cases.

1 | 4. Petitioner's current action seeks further review of the same conviction on the same ground (alleged destruction of evidence after trial). The abbreviated pleading is accompanied by a 2011 superior court order appointing a lawyer and a 2012 declaration from an attorney involved in a post-conviction proceeding (both of which were referenced or included in Petitioner's earlier petitions). The petition was not accompanied by a certificate from the Ninth Circuit authorizing a successive habeas action pursuant to 28 U.S.C. § 2244(b).

5. Additionally, the Court's review of the state court's online docket does not reveal that Petitioner presented any action to the state supreme court (a prerequisite to federal court habeas review under 28 U.S.C. § 2254) since 1999. (www.appellatecases.courtinfo.ca.gov (accessed Sept. 4, 2018).)

* * *

6. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; <u>see also</u> Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

7. Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action. "Before a second or successive [habeas petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

8. A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition <u>before</u> the new petition may be filed in

district court. Id.; Burton v. Stewart, 549 U.S. 147, 156 (2007) (district court without jurisdiction to consider successive habeas action when prisoner "neither sought nor received authorization from the Court of Appeals before filing").

9. "If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it." Brown v. Muniz, 889 F.3d 661, 667, 676 (9th Cir. 2018) ("petitioner's burden is higher" under statute to bring successive habeas action). A dismissal of a habeas action "for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA," thereby requiring appellate court permission for the new filing. McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009).

∗ ∗ ∗

10. The current petition challenges the same murder conviction that was the subject of four previous habeas actions. The first action was denied as untimely. (CV 01-2744.) Petitioner's next three habeas actions (CV 13-2024, CV 17-8530, CV 18-2100) were successive, and Petitioner failed to obtain permission from the federal appellate court to file them in this district court.

11. Those defects make the current, fifth action successive, too. McNabb, 576 F.3d at 1030. Petitioner presents no proof that he asked for or received permission from the Ninth Circuit Court of Appeals to pursue another successive action. On this basis, the current petition is subject to summary dismissal. 28 U.S.C. § 2244(b); Brown, 889 F.3d at 667.

∗ ∗ ∗

Because the Court does not have jurisdiction to consider Petitioner's claim, the action is DISMISSED without prejudice as successive.

IT IS SO ORDERED.

Dated: September 7, 2018

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE